UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Roy Granger, | ) | Case No: 2:23-cv-02715-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Space Storage, Inc. and | ) | |
| Thomas Stevenson, IV, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Roy Granger ("Plaintiff"), through undersigned counsel, complaining of Space Storage, Inc. ("Space Storage" or "Company") and Thomas Stevenson, IV ("Stevenson") (collectively "Defendants"), alleges and states as follows:

## PARTIES

1. Plaintiff is a citizen and resident of the State of Texas.

2. Space Storage, Inc. is a Delaware corporation with its principal place of business in Charleston County, South Carolina.

3. Defendant Stevenson is a citizen and resident of Charleston County, South Carolina.

## JURISDICTION

4. The court has jurisdiction over the parties and the subject matter of this action in so far as the actions complained of occurred, in whole or in part, in Charleston, South Carolina while both Defendants were conducting business in South Carolina in person or by an agent.

5. The court has diversity jurisdiction in this action insofar as the amount in controversy exceeds Seventy-Five Thousand and 00/100 US Dollars ($75,000.00) and is between citizens of different states:   Plaintiff (Texas), Defendants (Delaware and South Carolina).

## FACTS

6. At all times, Stevenson acted as the authorized agent and officer of Space Storage.

7. In November 2021, Plaintiff invested funds into Space Storage, Inc. as part of the Company's Convertible Promissory Note offering to numerous potential investors.

8. In September of 2022, Stevenson approached Plaintiff and represented that Space Storage was in immediate need of new funds to pay legitimate company expenses.

9. Stevenson represented the loan would be for a short period, and that he planned for the Company to be able to repay the loan within weeks of the funds being delivered.

10. Plaintiff responded that he would be willing to loan funds to the Company in exchange for a Promissory Note secured by Stevenson's personal assets.

11. Plaintiff told Stevenson that he would not consider the loan as investment-type funds or convertible to stock loan as had been the parties' prior course of dealing, and that this agreement would be a short-term note which had to repaid by the Company or repaid by Stevenson, personally if the Company could not pay.

12. As inducement to loan, Stevenson promised to use his personal home as security in the event of Company default, and to identify specific personal assets to secure the obligation.

13. On or about September 28, 2022, Plaintiff and Space Storage entered a contract for Plaintiff to loan Space Storage the sum of Seventy-Five Thousand and 00/100 US Dollars ($75,000.00) ("Note Agreement").

14. The Note Agreement included the following material terms:

    a. Payment to Space Storage in the amount of $75,000 as the principal payment;

    b. Interest accruing at 15% simple annual interest payable at maturity;

    c. Maturity date on the three (3) month anniversary; and

    d. Stevenson agreed to personally guarantee the loan and give Plaintiff a security interest in specified personal assets in the event of the Company's default.

15. On September 28, 2022. Plaintiff wired $75,000 to Space Storage, Inc. pursuant to the parties' agreement.

16. At the time of the agreement and wire of funds, the Company was preparing written memorialization of the Note Agreement, but had not finalized the documentation.

17. Whilst attempting to finalize the documentation of the agreement, on or about November 3, 2022, Plaintiff and the Company agreed to modified terms to address risk that the Company was not able to pay the loan at the maturity date, to wit:

    a. an extension of the maturity date to twelve (12) weeks beyond the original three (3) months maturity date;

    b. an increase in interest to be paid during the twelve (12) week extension period to 20%; and

    c. restatement of Stevenson's commitment and agreement to personally guarantee the debt in the event of the company's default.

18. To memorialize the Note Agreement, as modified, Stevenson sent Plaintiff an email dated November 3, 2022 affirming agreement by the Company and by him, personally, to the terms of the Note Agreement, and offered to prepare documentation of the same.

19. Upon information and belief, Stevenson prepared a written Promissory Note Agreement, initiated a digital signing process used by the Company, and transmitted that documentation to Plaintiff.

20. Upon information and belief, the document Stevenson prepared is similar to other notes he had negotiated, and said document reflects the terms as set forth herein, in addition to other terms such as: provisions for attorneys' fees and costs in the event of default and collection.

21. The Company failed to pay the Note by the original maturity date of December 31, 2022.

22. The Company failed to pay the Note by the extended maturity date of March 27, 2023.

23. Neither the Company nor Stevenson have made any payment on the Note.

**PARTICULAR REPRESENTATIONS AND OMISSIONS MADE PRIOR TO ENTERING THE NOTE AGREEMENT**

24. Prior to entering into the Note Agreement, Defendants represented to Plaintiff that the funds were necessary to pay short-term and commercially reasonable Company expenses.

25. Prior to entering into the Note Agreement, Defendants deliberately concealed and omitted material information which, if disclosed, would have revealed that expenses claimed as owed by the Company were in fact for Stevenson's personal benefit.

26. Defendants knew that the Plaintiff's funds were not necessary to pay legitimate Company expenses, or acted with reckless disregard to the truth when the representation was made.

27. Defendants took affirmative acts designed or intended to prevent Plaintiff's discovery of the facts showing that Stevenson had misappropriated over Four Hundred Thousand & 00/100 US Dollars ($400,000) of company funds (borrowed and invested) for his personal use and benefit, including but not limited to payments for Stevenson's family, personal rent

and insurance, to resolve a personal loan default lawsuit, for luxury jewelry, personal legal expenses, and private jets.

28. Prior to entering into the Note Agreement, Stevenson promised to sell his personal home to pay the loan if the Company defaulted - an implied representation that he owned a home.

29. Defendant Stevenson knew that his prediction about his ability to use his home as security for the note in the event of the Company's default was false and impossible.

30. Defendant Stevenson had no intention of performing the promise to use his home as security when the promise was made.

31. Only after default did Plaintiff learn that Stevenson did not own a home at the time of the representation and Note Agreement, and that Stevenson had, in fact, been using Company funds to pay rent payments on a rental home.

32. Upon information and belief, at the time the Note Agreement was made, the Company knew it had no means to repay the note by the maturity date.

33. Upon information and belief, at the time the Note Agreement was made, Stevenson knew he had no personal means to repay the note in the event the Company defaulted.

34. Upon information and belief, immediately after receipt of the loaned funds by the Company on or about September 28, 2022, Stevenson caused Space Storage to use large portions of those funds, and other borrowed funds, to pay personal expenses which had been accruing on a credit card account allegedly used by Stevenson for Company business.

35. The amount due to Plaintiff under the Note Agreement is calculated as follows:

```
Principal:                                      75,000.00
15% Annual Interest over 3-month term:           2,812.50
20% Annual Interest over 12-week extension:      3,750.00
Additional Interest (March 28- May 28)           2,500.00
```

$84,062.50

36. Interest continues to accrue at One Thousand Two Hundred Fifty & 00/100 US Dollars ($1,250.00) per month.

37. Plaintiff has incurred attorneys' fees and costs in collecting the sums due, and will continue to incur said fees and costs.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Promissory Note Agreement)

38. Plaintiff repeats and reiterates the foregoing paragraphs as if fully stated herein.

39. The Note Agreement is a binding and enforceable promise by Space Storage to pay the sum of $84,062.50 plus interest on the terms set forth therein.

40. Space Storage has breached the Note Agreement by failing to pay on the terms set forth therein.

41. Plaintiff has suffered actual damages as a result of Space Storage's breach of the Note Agreement.

42. Space Storage is liable to Plaintiff under the Note for:

    | | |
    |---|---:|
    | Principal: | 75,000.00 |
    | 15% Annual Interest over 3-month term: | 2,812.50 |
    | 20% Annual Interest over 12-week extension: | 3750.00 |
    | Additional Interest (Mar 23 – May 23) | <u>2500.00</u> |
    | | 84,062.50 |

43. Space Storage is liable to Plaintiff for all costs, including attorneys' fees and court costs, incurred in pursuing this action.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Personal Guarantee)
### Thomas Stevenson, IV

44. Plaintiff repeats and reiterates the foregoing paragraphs as if fully stated herein.

45. Stevenson agreed that Plaintiff shall have a claim against him personally to perform in the event of Space Storage's failure to pay.

46. Space Storage has failed to pay the Note Agreement as required by the terms of the agreement.

47. Despite demand, Stevenson has failed to pay the amount due under the Note Agreement.

48. As a direct and proximate result of this breach, Plaintiff has suffered actual, direct, incidental, consequential, and special damages.

49. Plaintiff is entitled to a judgment against Stevenson in the amount of the debt due from Space Storage, including pre- and post-judgment interest, and attorney's fees for the cost incurred in pursuing this collection.

### FOR A THIRD CAUSE OF ACTION
### (Fraudulent Inducement to Contract)
### Space Storage, Inc./Thomas Stevenson IV

50. Plaintiff repeats and reiterates the foregoing paragraphs as if fully stated herein.

51. The Note Agreement and Personal Guarantee are valid and binding contracts.

52. Plaintiff fully performed his obligations under the Note Agreement.

53. Defendants have wrongfully failed or refused to return the $84,062.50 plus interest to Plaintiff as required by the Note Agreement.

54. Defendant Space Storage breached the Note Agreement.

55. Defendant Stevenson breached the Personal Guarantee.

56. Defendants made representations that were false, and deliberately concealed material facts for the purpose of inducing Plaintiff to agree to the Note Agreement.

57. Defendants knew the representations were false or were made with a reckless disregard for their trust or falsity.

58. Defendants actively attempted to conceal and secret the true nature of the expenses and financial condition of the Company.

59. The Defendants' misrepresentations were material and likely to induce a reasonable person to manifest assent.

60. By these representations and omissions, Defendants intended to induce Plaintiff to act by loaning funds to the Company, which would allow Stevenson to cause the Company to pay his personal expenses.

61. Plaintiff relied upon the representations by Defendants when making his decision to loan the funds and when making his decision to modify and extend the Note Agreement.

62. That reliance was justified and reasonable under the circumstances.

63. As a direct and proximate result of Defendants' fraudulent inducement to enter into the Note, Plaintiff has suffered and continues to suffer damages, independent of the damages resulting from the breach of contract.

64. Plaintiff is entitled to a judgment for actual damages, punitive damages, and pre- and post-judgment interest.

WHEREFORE, Plaintiff requests a judgment against Defendants as set forth herein as well as any additional, different, and/or further relief as this Court deems just and proper.

s/Christy Ford Allen
Christy Ford Allen (Federal ID #7549)
WILLS MASSALON & ALLEN LLC

        Post Office Box 859
        Charleston, South Carolina   29402
        (843) 727-1144
        callen@wmalawfirm.net

        ATTORNEYS FOR PLAINTIFF

CHARLESTON, SC

June 15, 2023